Opinion by
Willson, J.
§ 313. Court has control of its judgments, etc., during term; parties must take notice of proceedings had during term. Appellants recovered judgment in the »county court against appellees. Appellees made a motion for new trial, which was granted. Subsequently, during the same term of court, the court reconsidered its action upon the motion, set aside the order granting it, and made and entered an order overruling said motion. This latter action of the court was had without actual notice to appellants. Held: It is well settled that the orders, judgments and decrees of a court are under its control until the end of the term at which they have been made. [W. & W. Con. Rep. §§.1041,1314.] Hence it was within the power of the court, at the same term, to set aside its judgment granting appellees’ motion for a new trial, and to render judgment refusing it. This latter judgment was valid, notwithstanding it may have been rendered without actual notice to the appellees. Appellees were in court for all the purposes of the case until the end of that term, and must be held to have had constructive notice of every proceeding had in the case.
§ 314. Relief not prayed for, cannot he granted. ■ Appellees prayed in their petition for an injunction to restrain the collection of an execution which had been issued upon the judgment, because of the facts stated in the preceding section. This was the only prayer for relief. There was no prayer for general relief. The court by its judgment perpetuated the temporary injunction previously granted, and also set aside the judgment in thé original suit, and ordered that the case stand upon its docket for trial. Held, error. When there is only a *273 prayer for specific relief the judgment cannot go beyond it. [Sayles & Bassett’s Pl. & Pr. § 29; W. & W. Con. Rep. § 131.]
October 15, 1884.
Reversed and dismissed.